IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CR-508-WKW |
| | ) | [WO] |
| CHRISTOPHER JASON HENRY | ) | |

## **ORDER**

Before the court is Defendant Christopher Jason Henry's Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 (Doc. # 59), as later supplemented (Doc. # 64). Defendant moves to correct a clerical error in his federal criminal judgment entered on December 10, 2018 (Doc. # 40). The United States of America does not oppose the motion. (Doc. # 62.)

Rule 36 of the Federal Rules of Criminal Procedure provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) (citation omitted). But Rule 36 can be used to correct "scrivener's errors." *United States v. Allen*, 749 F. App'x 773, 775 (11th Cir. 2018) (per curiam) (quoting *United States v. Reeves*, 742 F.3d 487, 507 (11th Cir. 2014)).

Defendant was sentenced to 108 months in federal prison after pleading guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. # 40.)  The criminal judgment directed that the 108-month federal sentence would run concurrently with the state sentences Defendant was already serving, and it specifically identified two cases, one in Covington County and one in Coffee County.  (Doc. # 40 at 2 ("This sentence is to be served concurrently to the state sentences defendant is currently serving in case CC-2017-50 in the Covington County, AL, Circuit Court and in case CC-2017-37 in the Coffee County, AL, Circuit Court.").)  However, when his federal sentence was imposed, Defendant also was serving another concurrent state sentence in Covington County, case CC-2016-0565. The state sentence in case CC-2016-0565 was imposed on the same date as the sentence in case CC-2017-50 and was ordered to run concurrently with it.  (Doc. # 38 at 8.)  Defendant's presentence investigation report listed the case numbers for these three state sentences for third-degree burglary convictions that were running concurrently and that he was serving at the time of his federal sentencing hearing. (Doc. # 38 at 8–9.)  Orally pronouncing the sentence, the court stated:

> [Y]ou're committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 108 months concurrent with the state sentences you are presently serving in Covington County, CC 2017-50, and in Coffee County, CC 2017-37.  *In other words, every day that you're serving and have served counts against your federal time.  How much time you spend in federal prison depends on how long the State decides to keep you.*

(Doc. # 39 at 24–25 (emphasis added).)

Based upon a review of the record, it is clear that the state sentence Defendant was concurrently serving in case CC-2016-0565 in the Covington County Circuit Court inadvertently was omitted from the oral pronouncement of the sentence and the federal criminal judgment. The undersigned was the sentencing judge, and the intent of the court was to run Defendant's federal sentence concurrently with the state sentences he was currently serving, which included case CC-2016-0565.

Defense counsel represents that Defendant "currently remains in custody of the state of Alabama unable to be paroled into his federal sentence because his federal judgment did not contain all the case numbers of the cases that [he] is serving time for." (Doc. # 59 at 1.) Defense counsel further states that, without a correction to his federal criminal judgment, Defendant "will be forced to serve his full sentence of twenty years in the state (because he has a federal detainer) and then serve a consecutive federal sentence of 108 months." (Doc. # 59 at 3.) In support of this statement, defense counsel has submitted a memorandum from the Federal Bureau of Prisons' Designation and Sentence Computation Center, answering Defendant's inquiry about how his federal sentence has been computed, which provides:

> Since the federal Court in Case Number 2:17CR508-WKW-01 was silent with regards to the state sentence in Case Number CC2016-000565, the federal sentence is consecutive in accordance with 18 U.S.C. § 3584. Therefore, the Bureau is unable to comply with the order of the sentencing court, to run your federal sentence concurrently with the state sentences in Case Numbers CC2017-000050 and CC-2017-000037.

(Doc. # 64-1 at 2.)  This memorandum shows that the sentencing court's intended outcome has not been accomplished.

To align the federal criminal judgment with the intent of the sentencing court, Defendant requests the court to correct the judgment to read:  "This sentence is to be served concurrently with the state sentences the defendant is currently serving in case[s] CC-2016-0565, CC-2017[-]50 in Covington County, AL, Circuit Court and in case CC-2017-37 in the Coffee County AL, Circuit Court."  (Doc. # 59 at 3 (alterations added).)  The United Stated filed a response and "does not object" to Defendant's proposed correction to the federal criminal judgment.  (Doc. # 62.)

Based upon the foregoing, it is ORDERED that Defendant's Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure (Doc. # 59), as supplemented (Doc. # 64), is GRANTED.  Accordingly, the criminal judgment (Doc. # 40) is AMENDED on page 2, and the following is substituted in its place:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
>
> One Hundred Eight (108) months.  This sentence is to be served concurrently with the state sentences the defendant is currently serving in cases CC-2016-0565, CC-2017-50 in Covington County, AL, Circuit Court and in case CC-2017-37 in the Coffee County AL, Circuit Court.

The criminal judgment (Doc. # 40) otherwise remains in full force and effect.  An amended criminal judgment will be filed separately.

DONE this 14th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE